IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KWESI B. AMONOO,

                        Plaintiff,

       v.                                                                                    OPINION and ORDER

SCAN PAC, MICHELLE, SEAN,                                                      25-cv-58-wmc
MR. HILL, and JILL LAFIERI,

                     Defendants.

---

Plaintiff Kwesi Amonoo, who is representing himself, has filed a lawsuit alleging that his employer, SCAN PAC, required him to work on machinery after he was injured and despite his doctors providing work restrictions for him.  As a result, he was repeatedly reinjured to the point that he had to quit his job.  Amonoo contends that his employer and supervisors were negligent, subjected him to an unsafe working environment, and failed to accommodate his injuries.  Because Amonoo is proceeding without paying the filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e).  After reviewing Amonoo's complaint, the court cannot determine whether it has subject matter jurisdiction over Amonoo's claim.

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citation omitted).  Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  "If

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegations implicate two potential federal statutes.  First, he alleges that his employer violated the safety requirements of the federal Occupational Safety and Health Administration ("OSHA").  However, plaintiff cannot sue to enforce OSHA standards because there is no private right of action under OSHA.  *See Basden v. AG Growth Int'l, Inc.*, No. 12-CV-41-JPG-PMF, 2012 WL 3610112, at *1 (S.D. Ill. Aug. 21, 2012) ("Accordingly, OSHA does not create a private right of action, and [plaintiff] has no federal cause of action."); *Adami v. Green Giant Div., a Div. of Pillsbury Co.*, 849 F. Supp. 615, 616 (N.D. Ill. 1994) ("OSHA is a purely regulatory provision with no private remedial action.")

Second, plaintiff alleges that his employer failed to accommodate his injury by permitting him to work on light duty.  Although plaintiff's complaint does not mention the Americans with Disabilities Act ("ADA"), his allegations implicate the ADA, which prohibits employers from discriminating against employees on the basis of disability.  *See* 42 U.S.C. § 12112(a).  To satisfy the pleading requirements for an ADA claim, a plaintiff to allege that: (1) he is disabled; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of her disability.  *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013).  Plaintiff's allegations that his employer did not offer him an accommodation for light duty after he was injured at work might be enough to state an ADA claim.

However, before bringing an ADA claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter.  *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018).  A "complaint may be deficient and subject to

dismissal if the plaintiff lacks a right-to-sue letter." *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001); *see also Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (7th Cir. 2025) (affirming dismissal of Title VII discrimination claim because plaintiffs failed to allege that they received a right to sue letter before dismissal of the case).  Here, plaintiff makes no mention of the ADA nor any right to sue letter from the EEOC.  Instead, his complaint only mentions the Wisconsin Fair Employment Act ("WFEA").  Because plaintiff does not indicate that he intends to sue under the ADA or that he exhausted his administrative remedies under the ADA, the court will decline to let him proceed with an ADA claim.

This leaves only plaintiff's claims that arise under state law, including his WFEA and negligence claims.  But in the absence of related federal claims, this court has jurisdiction over state law claims only if diversity jurisdiction exists under 28 U.S.C. § 1332.  Under that statute, jurisdiction exists if (1) the amount in controversy exceeds $75,000 and (2) the parties are of diverse citizenship, meaning that no plaintiff may be from the same state as any defendant. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for lack of jurisdiction. *Id.*  Here, plaintiff alleges that he and defendants all live in Wisconsin.  Therefore, diversity jurisdiction is not present.  Plaintiff may be able to proceed with his state law claims in a state court, but not in federal court.

Because plaintiff's complaint does not include clear allegations stating a federal claim or establishing subject matter jurisdiction, the court will dismiss the case without prejudice. But the court will give plaintiff the opportunity to file an amended complaint that establishes

subject matter jurisdiction.  If he files an amended complaint by the date below, the court will

screen the complaint under § 1915(e).


ORDER

IT IS ORDERED that:

1) Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

2) Plaintiff may have until **April 27, 2026**, to file an amended complaint that establishes subject matter jurisdiction either based on a claim arising under federal law, 28 U.S.C. § 1331, or based on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).


Entered March 31, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4